UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY LEWIS HOLDER,

        Petitioner,

v.                                         Case No. 09-10954
                                           Case No. 09-10973

CATHERINE S. BAUMAN,

        Respondent.
_____/

**ORDER GRANTING RESPONDENT'S MOTION TO CONSOLIDATE AND
DISMISSING CASE NO. 09-10973 WITHOUT PREJUDICE**

Petitioner Gregory Lewis Holder has filed two petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Case number 09-10954 challenges Petitioner's convictions for possession with intent to deliver 1000 or more grams of cocaine, felon in possession of a firearm, and felony firearm.  Case number 09-10973 challenges Petitioner's conviction for delivery of 50 to 449 grams of cocaine.  Pending before the court is Respondent's motion to consolidate the two cases.

Pursuant to Federal Rule of Civil Procedure 42(a), courts may consolidate actions involving a common question of law or fact and enter orders to avoid unnecessary cost or delay.  Although Petitioner properly challenged his convictions in two separate habeas petitions, he concedes that the two cases are related.  The parties are the same, the issues are identical, and the convictions arose from the same plea proceeding in Genesee County Circuit Court.  Consolidating the cases will promote

judicial economy and reduce the likelihood of confusion.[1]  It would not be an abuse of discretion to consolidate the two cases, because consolidation will not prejudice the parties, and the two cases are "functionally equivalent."  *Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992).

The court will thus order the cases to be consolidated and Petitioner will be directed to proceed on the earlier-filed case docket.  The latter-filed case will be dismissed without prejudice and, by separate order, the court will set a deadline by which Petitioner shall file an amended petition, incorporating all of his habeas claims.  This order is purely ministerial and nothing in this order shall be construed as adversely impacting Petitioner's substantive rights.  The court deems this method to be the most efficient manner in which to proceed, given the similarity of issues between the two cases.  Accordingly,

IT IS ORDERED that Respondent's motion to consolidate these two cases [Dkt. #6 in case number 09-10973] is GRANTED and case number 09-10973 is DISMISSED without prejudice.  All future filings shall be docketed solely in case number 09-10954.

Finally, the Clerk of Court is DIRECTED to file this order on the docket of case number 09-10973 and case number 09-10954.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 30, 2009

---

[1] Indeed, maintaining two separate dockets for these cases has already caused some degree of confusion, related to inadvertently filing documents on the incorrect docket and failing to file a response on the correct docket.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 30, 2009, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-10954.HOLDER.ConsolidationOrder.bh.wpd